# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

NIKOLAS S. PROPER,            )
                                    )
      Plaintiff,              )
                                    )
v.                                 )     **NO. 3:21-cv-00881**
                                    )
RUTHERFORD COUNTY SHERIFF'S   )
OFFICE,[1]                         )
                                    )
      Defendant.           )

## MEMORANDUM OPINION AND ORDER

Nikolas S. Proper, a pretrial detainee in the custody of the Rutherford County Sheriff's Office (RCSO) in Murfreesboro, Tennessee, submitted a pro se civil Complaint for filing on November 23, 2021, along with an application for leave to proceed in forma pauperis (IFP). By Order entered December 2, 2021, the Court denied the IFP application for failure to include a certified inmate trust account statement and ordered Plaintiff to file a new application or pay the full filing fee within 30 days. (Doc. No. 5).

On December 20, 2021, Plaintiff filed a new IFP application. (Doc. No. 8). On January 14, 2022, Plaintiff notified the Court of his desire to name RCSO as the proper defendant to this action, and his intention to file an updated IFP application that reflects that change. (Doc. Nos. 9, 9-1). The case is now before the Court for ruling on Plaintiff's IFP application and pending motion, and

---

[1] The Complaint names one defendant: the Rutherford County Adult Detention Center. However, Plaintiff subsequently clarified that the Rutherford County Sheriff's Office is the proper defendant to this action. (See Doc. No. 9). In the interest of justice, the Court grants leave for Plaintiff to amend his pleading to name the proper Defendant. See Fed. R. Civ. P. 15(a)(2); Fraker v. Marysville Exempted Vill. Sch., 696 F. Supp. 2d 887, 893 (S.D. Ohio 2010) ("The Court, therefore, will treat Plaintiff's Motion to Substitute Party Defendant as a Motion to Amend his Complaint under Rule 15[.]").

for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

## I. APPLICATION TO PROCEED IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Plaintiff's January 14, 2022 notice of his intention to update his IFP application is construed as a motion to amend his December 20, 2021 application. That motion (Doc. No. 9) is **GRANTED**. The Clerk is **DIRECTED** to docket Plaintiff's proposed amendment (Doc. No. 9-1) as his Amended Application for Leave to Proceed IFP, and to terminate Docket No. 8 as a pending motion.

Plaintiff's Amended Application for Leave to Proceed IFP complies with the requirements of Section 1915(a) and demonstrates that he lacks the funds to pay the entire filing fee in advance. The Amended Application is therefore **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the

payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. PLRA Screening Standard

The Court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e. Review of the Complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Applying this standard, the Court must view the Complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

3

However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B. Section 1983 Standard**

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

**C. Allegations and Claims**

Plaintiff sues the RCSO for 25 million dollars in damages, claiming that his constitutional right to be free from cruel and unusual punishments was violated when, on August 4, 2021, a knife was left on the floor of his cell following a "shakedown" search. (Doc. No. 1 at 5–6). He alleges that he and other inmates housed with him were escorted from their cells prior to the search, and that he noticed the knife upon returning and immediately turned the weapon over to a guard. (Id. at 5). He then filed a grievance, in response to which he was assured that the matter would be addressed. (Id.). Plaintiff asked several deputies to identify the person who searched his cell, and "[m]ultiple deputies told [him] it was Officer Hill," an officer who subsequently "made several comments, the most alarming [of which] was when he told [Plaintiff] to go kill [him]self." (Id.).

In a subsequent filing (Doc. No. 6) which the Court construes as an amendment to the Complaint pursuant to Plaintiff's right to "amend [his] pleading once as a matter of course" under Federal Rule of Civil Procedure 15(a)(1), Plaintiff reiterates his previous allegations and additionally states that Officer Hill has directed other "abusive and vulgar statements" toward him, including statements that he should kill himself. (Id. at 1, 3). Plaintiff states that it is well known within the facility that he suffers from mental illness "such as: ADHD, [Oppositional] Defiance Disorder, Depression, Bipolar." (Id. at 3). He claims that discovering the knife in his cell caused him to panic, to become "confused" and "afraid as to why it [was] left there," and to fear for his life. (Id. at 2). He restates his demand "for twenty-five million dollars in damages, as remedy for the emotional distress and the mental anguish [he] ha[s] been made to suffer . . . while in custody." (Id. at 3). Finally, he states that he "also seek[s] protection against any ill will the Repondent(s) and their agents may harbor against [him]." (Id.).

**D. Analysis**

As an initial matter, the RCSO is not an entity capable of being sued under Section 1983. See Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994); see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:10-cv-0496, 2010 WL 3341889, at *2–3 (M.D. Tenn. Aug. 25, 2010) (noting that "since Matthews, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit"). Even if Plaintiff's pleadings could be liberally construed to seek relief against Rutherford County itself, "[t]o plead a claim for municipal liability under § 1983, Plaintiff must plausibly allege that his or her constitutional rights were violated and that a policy or custom of [the municipality] was the 'moving force' behind the deprivation of Plaintiff's rights." Okolo v. Metro. Gov't of Nashville, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) (citing Miller v. Sanilac County,

606 F.3d 240, 254–55 (6th Cir. 2010)). Plaintiff does not allege that the emotional harm he suffered resulted from the execution of any municipal policy or custom. Accordingly, Plaintiff has failed to claim any right to relief against a proper defendant.

Even if he had sued a proper defendant, Plaintiff fails to allege facts supporting a constitutional violation. The Sixth Circuit "ha[s] long held that verbal abuse and nonphysical harassment of prisoners do not alone give rise to a constitutional claim[.]" Small v. Brock, 963 F.3d 539, 541 (6th Cir. 2020) (citing Ivey v. Wilson, 832 F.2d 950, 954–55 (6th Cir. 1987)). It is only in combination with objectively credible threats to the inmate's safety that nonphysical abuse and harassment may rise to the level of a constitutional violation. In Small, the Sixth Circuit addressed, as a matter of first impression, whether "unprovoked and repeated threats to a prisoner's life, combined with a demonstrated means to immediately carry out such threats, constitute conduct so objectively serious as to" violate the Constitution. Id. Based on allegations that the defendant "brandished a knife, threatened to kill Small, and motioned in a manner suggesting how [he] would use the knife to kill Small," id. at 540, the Sixth Circuit held that a plausible constitutional claim was alleged when repeated verbal threats to the prisoner's life were combined with "concrete steps, such as aggressively brandishing a deadly weapon, to make those threats credible." Id. at 541 (citing cases for proposition that "'objectively credible' death threats that cause a prisoner to fear for his life violate the Eighth Amendment"). Whereas, in the case before this Court, Plaintiff does not allege that Officer Hill or any other state actor threatened, directly or indirectly, to do him harm; at best, he alleges that Hill intentionally inflicted emotional distress upon him by leaving a knife in his cell on one occasion and subsequently encouraging him to harm himself—a claim sounding in state law rather than federal law.

6

Finally, even if a viable constitutional claim could be stated based on these allegations, Plaintiff is prevented by statute from pursuing damages for injuries to his mental or emotional health in the absence of a physical injury. The PLRA bars any "Federal civil action . . . brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act [involving physical contact]." 42 U.S.C. § 1997e(e). The injury upon which Plaintiff's request for compensation is based is "the emotional distress and the mental anguish" caused by a knife being left in his cell and Officer Hill's statements that he should kill himself. (Doc. No. 6 at 1, 3). Because Plaintiff does not allege any prior physical injury, Section 1997e(e) bars his claim for damages. See Seabrooks v. Core Civic, No. 3:17-1328, 2019 WL 1015093, at *4 (M.D. Tenn. Mar. 4, 2019), report and recommendation adopted, 2019 WL 1359492 (M.D. Tenn. Mar. 26, 2019) (finding dismissal under § 1997e(e) proper where inmate did not allege physical injury but only fear of such injury) (citing, e.g., Tribe v. Snipes, 19 F. App'x 325 (6th Cir. 2001)); Jackson v. Smith, No. 1:05-CV-834, 2006 WL 118284, at *4 (W.D. Mich. Jan. 13, 2006) (holding that § 1997e(e) barred inmate's claim of mental anguish based on fear of retaliation by prison guard, which provoked anxiety attack requiring medical attention, inasmuch as "[t]he Sixth Circuit has repeatedly held that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury") (citing cases); cf. King v. Zamiara, 788 F.3d 207, 213 (6th Cir. 2015) (holding that plain language of § 1997e(e) bars claims for damages due to "mental or emotional injury" without a prior showing of physical injury, but not claims of First Amendment violations resulting in constitutional injury "distinct from any mental or emotional injury" the prisoner might also have suffered).

7

### III. CONCLUSION

For the reasons given above, this action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE